UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

J & N PUBLISHING LLC d/b/a JUAN & NELSON PUBLISHING,

    Plaintiff,

Vs.

Civil Action No.:

LATIN TOUCH PRODUCTIONS, INC. and JOHANNA MARTINEZ,

**COMPLAINT**

    Defendants.

Plaintiff, by its undersigned attorneys, alleges:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiff alleges three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiff's copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiff, its copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiff named in Column 2* is the owner of the copyrights in the original musical compositions listed in Column 3.

5. Defendant Latin Touch Productions, Inc. ("LTP") is a company organized under the laws of Florida with offices located at 13526 Village Park Drive, Suite 226, Orlando, Florida.

6. At all times hereinafter mentioned, LTP did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Mojitos Ultra Lounge ("Mojitos"), located at 13526 Village Park Drive, Suite 226, Orlando, Florida.

7. Musical compositions were, and are, performed publicly at Mojitos.

8. On information and belief, Defendant Johanna Martinez ("Martinez" and, together with LTP, the "Defendants") is an individual who resides and/or does business in this District.

9. On information and belief, at all times hereinafter mentioned, Martinez was, and still is, an owner, officer, director, and/or manager of LTP.

---

*All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

10.     At all times hereinafter mentioned, Martinez was, and still is, responsible for the control, management, operation and maintenance of the affairs of LTP.

11.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Mojitos, including the right and ability to supervise and control the public performance of musical compositions at Mojitos.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at Mojitos.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S COPYRIGHTED MUSICAL COMPOSITIONS**

13.     The Plaintiff is a member of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

14.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiff's rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants entered into a license agreement with ASCAP, effective May 1, 2013.

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on April 30, 2018, upon written notice, ASCAP terminated the agreement for default.

16. Since termination of Mojitos' ASCAP license, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense the establishment, upon payment of the outstanding fees owed to ASCAP.

17. Defendants have refused all of ASCAP's license offers for Mojitos.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Mojitos constitute copyright infringement of ASCAP's members' copyrights in their musical works, that the establishment is open to the public for business and presenting musical entertainment.

19. Notwithstanding the foregoing, Defendants have continued to perform publicly ASCAP's members' copyrighted music, without permission, during the hours that Mojitos is open to the public for business and presenting musical entertainment.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiff, including its predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Mojitos, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances on Defendants' premises of the Plaintiff's copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from the Plaintiff, or any agent, servant, or employee of the Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiff's rights.

26. The many unauthorized performances at Mojitos include the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff was the owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

      WHEREFORE, Plaintiff prays:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any musical composition in the ASCAP repertory, and from causing or permitting the said compositions, or any musical composition in the ASCAP repertory, to be publicly performed at Mojitos, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated: June 6, 2023  HOLLAND & KNIGHT LLP

By: __*/s/ Frederick D. Page*_____
    Frederick D. Page
    Fla. Bar No. 968587
    50 North Laura Street
    Suite 3900
    Jacksonville, FL 32202
    fpage@hklaw.com
    Telephone: (904) 353-2000
    Facsimile: (904) 358-1872

Attorneys for Plaintiff