# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

J&N PUBLISHING LLC,

    Plaintiff,

v.

LATIN TOUCH PRODUCTIONS, INC.; and JOHANNA MARTINEZ,

    Defendants.

Case No. 6:23-cv-1054-CEM-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Extension of Time to Move for Default and Renewed Motion for Entry of Default (Dkt. 15), filed October 27, 2023 ("Motion"). Upon consideration, I respectfully recommend denying the Motion for failure to establish excusable neglect and dismissing this matter without prejudice.

### I. BACKGROUND

On October 18, 2023, Plaintiff moved for Entry of Clerk's Default against Defendants. Dkt. 13. I denied that motion without prejudice because Plaintiff did not file a timely motion, as required by Local Rule 1.10(b), or seek an extension of the deadline to file such a motion, as required by the Federal Rules of Civil Procedure. *See* Dkt. 14. In the order denying the previous motion,

Plaintiff was directed to file a Motion for Extension of Time that demonstrated excusable neglect and was warned that a failure to demonstrate excusable neglect would result in the issuance of a Report and Recommendation recommending dismissal of this case for failure to prosecute under Local Rule 1.10(d). *Id.* at 2.

As directed, Plaintiff filed the instant Motion, which seeks an extension of the deadlines within which to file a motion for entry of clerk's default. Dkt. 15. In the Motion, Plaintiff states that "the deadlines to move for defaults under Local Rule 1.10(b) were not docketed within Plaintiff's counsel's system." *Id.* at 3. Plaintiff also explains that its counsel was in communication with Defendants, was attempting to resolve this matter, and delayed filing a motion. *Id.* at 4.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 6, where a party seeks to act after the time provided has expired, that party must file a motion demonstrating excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court has identified four factors to guide courts in determining whether excusable neglect has been demonstrated. *Id.* at 395. Those factors are "[1] the danger of prejudice to the [other party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether

it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1201 (11th Cir. 1999) (quoting *Pioneer*, 507 U.S. 380 at 395).

### III.  ANALYSIS

Each *Pioneer* factor will be addressed in turn. The first factor weighs against Plaintiff. Any prejudice Plaintiff may experience from the dismissal of this action is minimal because any dismissal is without prejudice. Plaintiff may file a subsequent suit and obtain the same (or nearly the same) relief.

The second factor also weighs against Plaintiff. The time to move for a clerk's default expired months ago for both Defendants. A delay of that magnitude shows a disregard to the Local Rules and the timely prosecution of this matter. Furthermore, Plaintiff's failure to proceed adds to the congestion of this Court's crowded docket, thereby impacting the Court's ability to respond to pressing issues in other matters.

Like the first two factors, the third factor weighs against Plaintiff. Despite a lengthy delay, Plaintiff provides very little explanation for missing the deadline, stating only that it was engaged in settlement negotiations and that Plaintiff's counsel did not calendar the deadline. Settlement discussions are rarely enough to demonstrate good cause or excusable neglect. *See N. Ins. Co. of New York v. Snooze Inc.*, No. 3:13-cv-19-MCR-CJK, 2013 WL 3929693, *1 (N.D. Fla. July 29, 2013) (collecting cases where settlement negotiations did

not justify failing to comply with case management deadlines). And the explanation here is inadequate and is essentially the "two wrongs make a right" fallacy. The case management deadlines are controlled by the Court and the Federal Rules of Civil Procedure. If a party would like to extend a deadline, then it must file a proper motion with the Court requesting such relief. One party's failure to follow the rules does not excuse another party's failure to do the same. Two wrongs do not make a right.

As to the failure to calendar the deadline, there are instances where courts have found excusable neglect when a motion was filed late because of "an innocent oversight by counsel." *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding excusable neglect where motion was filed six days late due to a miscommunication between attorneys); *Walter*, 181 F.3d at 1202 (finding excusable neglect where motion was filed one month late due to failure to calendar the deadline). But the facts here are distinguishable from those instances. The delay here is much longer than six days or a month in those cases. Furthermore, Plaintiff has not even attempted to establish that the delay was the result of an "innocent oversight"—such as the mistake of a legal assistant (as in *Walter*) or a miscommunication (as in *Cheney*). An attorney's failure to appreciate the relevant rule is not the kind of "innocent oversight" excused under Rule 6. *Advanced Estimating Sys., Inc. v.*

*Riney*, 130 F.3d 996, 999 (11th Cir. 1997). Simply saying a deadline was not calendared is not enough.

In sum, Plaintiff has not demonstrated the reason for the delay is excusable, much less whether the reason was within Plaintiff's control.

Finally, the fourth factor is neutral. There is nothing in the papers indicating good or bad faith on behalf of Plaintiff.

On balance, the four *Pioneer* factors weigh against Plaintiff. "[T]aking account of all relevant circumstances surrounding the party's omission," I find that that the explanation provided does not justify missing the deadline to move for default. *See Pioneer*, 507 U.S. at 395. For this reason, I respectfully recommend the Court dismiss this case without prejudice.

## IV.  CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1. The Motion (Dkt. 15) be **DENIED;** and

2. The case be **DISMISSED without prejudice** for failure to comply with the requirements imposed by the Local Rules, including the deadlines imposed by Local Rule 1.10.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party

may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on November 3, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Counsel of Record